# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-01559-COA

RAQUEL SHADAWN TAYLOR A/K/A RAQUEL TAYLOR    APPELLANT

v.

STATE OF MISSISSIPPI    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/19/2017 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF III |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: W. DANIEL HINCHCLIFF |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 11/27/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND FAIR, JJ.**

**FAIR, J., FOR THE COURT**:

¶1.     On September 12, 2017, a jury convicted Raquel Taylor of aggravated assault.  Taylor was sentenced as a non-violent habitual offender to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC) with sixteen years suspended after serving four years, followed by five years of supervised probation.  Taylor now appeals.

## FACTS

¶2.     On December 26, 2015, while shopping at Northpark Mall in Ridgeland, Mississippi, Tiphaney Willis and Taylor had a verbal exchange about a mutual male interest.  Willis made

a purchase at the store where the confrontation occurred and proceeded to leave the mall. In the parking lot, as Willis was approaching her car, Taylor came from behind and struck Willis several times with a tire-iron. A bystander intervened and called 911. Taylor drove away from the scene.

¶3.     Willis was taken to the hospital. Ridgeland police officer Barry Hollingsworth responded to the scene and found Willis with two contusions on her head and blood on her face. Jason Rudd, a Ridgeland police officer, also responded to the scene and witnessed Willis, on a stretcher, being put into the ambulance. A suspect was developed based on the eyewitnesses' accounts. The next day, Willis identified a picture of Taylor and the tire-iron. Taylor was arrested.

¶4.     After waiving her *Miranda*[1] rights, Taylor made a statement. At trial, Taylor conceded that she hit Willis with a tire-iron. Among those who testified were two shoppers that witnessed the exchange of words inside the mall and the assault in the parking lot. A unanimous jury found Taylor guilty of aggravated assault.

### DISCUSSION

¶5.     Pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), appellate counsel filed a brief stating that he:

> diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could be presented to the Court on Raquel Shadawn Taylor's behalf in good faith for

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

appellate review and upon conclusion, have found none.

In *Lindsey*, the Mississippi Supreme Court set out the procedure to be followed when a defendant's attorney does not find any arguable issues to support an appeal. *Lindsey*, 939 at 748 (¶18). Appellate counsel must file a brief showing that counsel has thoroughly reviewed the record and has found nothing to support an appeal. Counsel must then send the appellant a copy of the brief, informing the client that counsel found no arguable issue for an appeal, and counsel must advise the client of her right to file a *pro se* brief. *Id.* If the defendant raises any arguable issue in her *pro se* brief, or if the appellate court finds any arguable issues upon its independent review of the record, the appellate court must, if circumstances warrant, require counsel to file supplemental briefing on the issue. *Id.*

¶6. Taylor's attorney asserts that he examined: (1) the reason for Taylor's arrest and the circumstances surrounding the arrest; (2) any possible violations of Taylor's right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible procedural misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misapplication of the law in sentencing; (9) the indictment and all the pleadings in the record; (10) any possible ineffective-assistance-of-counsel issues; and (11) other possible reviewable issues. *Id.* at 748 (¶18) (citations omitted); *see also Turner v. State*, 818 So. 2d 1186 (Miss. 2001).

¶7. Taylor's attorney complied with *Lindsey*'s requirements. He examined the record and found no arguable appellate issues. Taylor's attorney sent a copy of the *Lindsey* brief to

Taylor, stating that, while he found no arguable issues, Taylor had the right to file a *pro se* supplemental brief. Taylor was given forty days to file a brief. She did not. We have independently reviewed the record and find no arguable issues that require supplemental briefing. Therefore, we affirm Taylor's conviction and sentence.

¶8.     **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**